**FILED**

**August 11, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:28 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dwight Mitchell | ) | Docket No.  2015-06-0954 |
| | ) | 2015-06-0955 |
| v. | ) | |
| | ) | State File No. 88416-2015 |
| Randstad North America, et al. | ) | 88417-2015 |
| | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded—Filed August 11, 2016

---

This interlocutory appeal involves an employee and employer who reached a settlement for work-related injuries suffered by the employee on April 9, 2014, prior to the date the trial court acquired subject matter jurisdiction under the 2013 Reform Act. The settlement, which closed the employee's right to future medical treatment, included language describing two alleged aggravating events occurring after July 1, 2014, as within the scope of the settlement. The agreement was approved by the Davidson County Circuit Court. Subsequently, the employee filed petitions for benefit determination seeking additional benefits for injuries that were identified as the aggravations described in the settlement documents. Following an expedited hearing, the trial court denied benefits on the basis that the parties' prior court-approved settlement encompassed the injuries for which the employee sought benefits. The employee has appealed. We affirm the trial court's decision and remand the case.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Dwight Mitchell, Madison, Tennessee, employee-appellant, pro se

Troy Hart, Knoxville, Tennessee, for the employer-appellee, Randstad North America

1

**Opinion**

Dwight Mitchell ("Employee") is a fifty-three-year-old resident of Davidson County, Tennessee, who was employed by Randstad North America ("Employer").[1] On April 9, 2014, Employee suffered injuries that were accepted as compensable and for which workers' compensation benefits were provided. Employee alleged that on September 23, 2014, he suffered an aggravation of his injuries while on light duty and, on March 12, 2015, suffered a second aggravation while participating in physical therapy necessitated by the April 9 work injury.

On November 25, 2015, the parties appeared before the Davidson County Circuit Court for approval of a settlement agreement. The agreement reflected Employee's assertion that on April 9, 2014, he was involved in a work-related accident and sustained injuries to his back, neck, legs, arms, head, hips, and chest. The agreement further described the alleged aggravations of these injuries on September 23, 2014, and March 12, 2015.

The Davidson County Circuit Court approved the settlement, for which Employee was paid $25,000 in a lump sum. The court's order approving the settlement noted that this payment was for "full, final and complete settlement and discharge of [Employer] and its insurer from any further liability to [Employee] for any claimed medical condition or disability . . . by reason of said alleged accident *or aggravations*." (Emphasis added.) The order further reflects that Employer would not be responsible for any "past, present or future medical expenses" related to the alleged injuries. The joint petition setting out the terms of the settlement agreement and presented to the judge for approval acknowledged that the parties "agree that there is always the possibility of later manifestations of injury, further and additional disability and resulting medical expenses, nonetheless, in consideration of the foregoing possibility or probability, all parties enter into this settlement agreement in lieu of any other workers' compensation . . . benefits."

Thereafter, Employee filed two petitions for benefit determination with the Bureau of Workers' Compensation, seeking additional benefits based on the alleged aggravating events on September 23, 2014 and March 12, 2015. Following a hearing at which Employee testified, the trial court found that Employee sustained an injury on April 9, 2014, and sustained aggravations of that injury on September 23, 2014 and March 12, 2015. The trial court went on to observe that "[b]y the plain language of the agreement, which he testified he read, reviewed, signed and understood 'at the time,' [Employee] expressly acknowledged aggravations of a prior work-related injury on September 23, 2014, and March 12, 2015." In denying relief, the trial court also noted that Employee

---

[1] The record does not contain a transcript of the proceedings in the trial court or a statement of the evidence presented at the expedited hearing. Thus, we have gleaned the facts from the documents and exhibits filed in the trial court, including the trial court's June 17, 2016 expedited hearing order.

accepted a lump-sum payment as a "full, final and complete settlement and discharge of [Employer] from any further liability . . . by reason of said alleged accident *or aggravations*." Employee has appealed.

To the extent Employee alleges that he suffered distinct, compensable injuries on September 23, 2014 and March 12, 2015 for which he is owed benefits under post-reform law, there is nothing in the record beyond Employee's bare allegations supporting such a claim. To the extent Employee alleges that he suffered aggravations on September 23, 2014 and March 12, 2015 entitling him to additional benefits under pre-reform law and that the parties' court-approved settlement should be set aside, such arguments should be addressed to the Davidson County Circuit Court. We note that prior to this action, Employee characterized the incidents at issue as aggravations of the April 9, 2014 injury, which were specifically addressed in the parties' court-approved settlement.

We also note that, although a hearing was held in this case and testimony was presented to the trial court, no transcript or statement of the evidence has been filed. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *Vulcan Materials Co. v. Watson*, No. M2003-00975-WC-R3-CV, 2004 Tenn. LEXIS 451, at *7 (Tenn. Workers' Comp. Panel May 19, 2004) ("In the absence of an adequate record on appeal, this Court must presume the trial court's rulings were supported by sufficient evidence."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").[2]

Accordingly, the trial court's denial of the requested benefits is affirmed. The case is remanded for any further proceedings that may be necessary.

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board

---

[2] Employee has filed motions asking that we consider certain documents that were not admitted into evidence and that this case be set for oral argument. These motions are denied. Also, while not entirely clear, Employee appears to raise issues concerning the effect of a lump sum payment on a party's ability to set aside a settlement and that he was terminated in retaliation for bringing a workers' compensation claim. The argument Employee makes concerning the lump sum payment is not relevant to our review of the trial court's order, and neither we nor the Court of Workers' Compensation Claims has jurisdiction to consider any allegations of retaliatory discharge.

3



**FILED**

**August 11, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:28 A.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dwight Mitchell | ) | Docket No. 2015-06-0954 |
| | ) | 2015-06-0955 |
| v. | ) | |
| | ) | State File No. 88416-2015 |
| Randstad North America, et al. | ) | 88417-2015 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of August, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Dwight Mitchell | | X | | | X | Dwightmitchell1222@yahoo.com; 323 Forest Park Rd. 4-5, Madison TN 37115 |
| Charlie Pierce | | | | | X | cepierce@mijs.com |
| Troy Hart | | | | | X | wth@mijs.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov